**ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, Appellant**

v.

**Kenneth Lee SALAZAR, In his Official Capacity as Secretary of Interior and Larry Echo Hawk, In his Official Capacity as Assistant Secretary–Indian Affairs, Appellees.**

No. 08–5430.

United States Court of Appeals, District of Columbia Circuit.

July 6, 2010.

Robert Martin Adler, Esquire, Nossaman Llp/O'Connor & Hannan, Washington, DC, for Appellant.

Before: ROGERS and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The St. Croix Chippewa Indians of Wisconsin brought suit in the district court challenging two actions of the Department of the Interior related to St. Croix's then-

pending application to open a casino. First, St. Croix alleged that Interior had unlawfully reversed the sequence of the two steps of the process to review its application. Second, St. Croix alleged that Interior had promulgated a substantive rule—styled as a guidance memo—without the required period of notice and comment under the Administrative Procedure Act (APA). The district court dismissed St. Croix's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Of note for this appeal, the district court concluded that St. Croix had not alleged an injury in fact sufficient to confer Article III standing. Because we agree that St. Croix has no standing, we affirm the judgment of the district court on that ground and need not reach any of the tribe's other arguments. *See La. Envtl. Action Network v. Browner,* 87 F.3d 1379, 1384–85 (D.C.Cir.1996).

"[T]he requirement of injury in fact is a hard floor of Article III jurisdiction." *Summers v. Earth Island Institute,* —— U.S. ——, 129 S.Ct. 1142, 1151, 173 L.Ed.2d 1 (2009). For an alleged injury to be sufficiently imminent to confer standing, a plaintiff must show that there is a "substantial probability" that the challenged action will harm its concrete and particularized interests. *St. John's United Church of Christ v. FAA,* 520 F.3d 460, 462 (D.C.Cir.2008). St. Croix argued to the district court that Interior's actions made it less likely that its pending casino application would be approved, a claim that the court concluded was too speculative to confer standing. On appeal, St. Croix does not take issue with this conclusion. Rather, St. Croix asserts only that it has suffered a "procedural injury." *See* Appellant's Br. at 53 (stating that its "complained of injury was a procedural harm"); Reply Br. at 22 ("As set forth in its open-

ing brief, the St. Croix tribe made it evidently clear to the District Court that its complained of injury was a procedural harm.").

To allege a cognizable procedural harm, plaintiffs must identify an injury that follows the violation of a procedural right, which was afforded to them by statute and designed to protect their threatened concrete interests. *Ctr. for Law & Educ. v. Dept. of Educ.,* 396 F.3d 1152, 1157 (D.C.Cir.2005). But "the omission of a procedural requirement does not, by itself, give a party standing to sue." *Ctr. for Bio. Diversity v. U.S. Dept. of Interior,* 563 F.3d 466, 479 (D.C.Cir.2009). Plaintiffs must show both that the defendant omitted a required procedure and that " 'it is substantially probable that the procedural breach will cause the essential injury to the plaintiff's own interest.' " *Id.* (quoting *Fla. Audubon Soc'y. v. Bentsen,* 94 F.3d 658, 664–65 (D.C.Cir.1996) (en banc)). St. Croix has failed to make this showing. Even if we assume that St. Croix has alleged the violation of a procedural right, at no point in its briefs do we find any argument that Interior's purported procedural failings were "substantially probable" to result in an injury to St. Croix's own interest. Accordingly, we affirm the district court's dismissal for lack of subject matter jurisdiction. *See Fla. Audubon Soc'y,* 94 F.3d at 666 (noting "the well-established rule that a plaintiff must *demonstrate* standing").

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41(a)(1).